# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH, a California corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>NTHRIVE REVENUE SYSTEMS, LLC, formerly known as Medassets Analytical Systems, LLC, a Delaware limited liability company; NTHRIVE, INC., doing business as nThrive Revenue Systems, LLC, a Delaware corporation; FORMATIV HEALTH, a Delaware limited liability company,<br><br>                                  Defendants. | Case No.: 19-cv-00760-H-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS WITH LEAVE TO AMEND**<br><br>[Doc. No. 23.] |

      On July 22, 2019, Plaintiff Scripps Health filed a motion to dismiss Defendants nThrive Revenue Systems, LLC and nThrive, Inc.'s counterclaims. (Doc. No. 23.) On August 20, 2019, the Court took the motion to dismiss under submission. (Doc. No. 29.) On August 26, 2019, nThrive filed its response in opposition to Scripps's motion to dismiss. (Doc. No. 31.) On August 30, 2019, Scripps filed its reply. (Doc. No. 34.) For the reasons below, the Court grants in part and denies in part Scripps's motion to dismiss.

## Background

The following facts are taken from the allegations in Plaintiff's complaint. Plaintiff Scripps is a nonprofit health care system with four hospitals and twenty-eight outpatient facilities. (Doc. No. 1, Compl. ¶ 5.) Scripps entered in an agreement with Defendant nThrive, effective September 25, 2017, for the management, recovery, and collection of Scripps's legacy accounts receivables. (Id. ¶¶ 19, 31.)

Scripps alleges that nThrive did not perform the services required under the agreement in accord with contractual or industry standards. (Id. ¶ 39.) Scripps further alleges, among other things, that nThrive "secretly and surreptitiously assigned, subcontract, and/or delegated" some or all of its obligations under the agreement to third-party Formativ Health, despite the inclusion of an anti-assignment clause in the agreement. (Id. ¶¶ 42-44.)

On April 24, 2019, Scripps filed a complaint against nThrive and Formativ Health, alleging claims for: (1) fraud and deceit; (2) negligent misrepresentation; (3) aiding and abetting fraud; (4) conspiracy to commit fraud; (5) intentional interference with contractual relations; (6) intentional interference with prospective economic advantage; (7) breach of contract; (8) breach of the covenant of good faith and fair dealing; (9) negligence; (10) unjust enrichment; (11) demand for accounting; and (12) unfair business practices in violation of California Business and Professions Code § 17200 *et seq*. (Doc. No. 1.)

On June 28, 2019, Formativ Health filed an answer to the complaint. (Doc. No. 8.) On July 1, 2019, nThrive filed an answer to the complaint and counterclaims against Scripps, alleging counterclaims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligent misrepresentation; and (4) unjust enrichment. (Doc. Nos. 11, 12.) By the present motion, Scripps moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss nThrive's counterclaims for breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and unjust enrichment. (Doc. No. 23.)

///

**Discussion**

I.  **Legal Standards**

   A.  Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the

claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II. Analysis

### A. nThrive's Counterclaim for Breach of the Implied Convenant of Good Faith and Fair Dealing

In its counterclaims, nThrive alleges a claim for breach of the implied covenant of good faith and fair dealing. (Doc. No. 12 ¶¶ 38-43.) Scripps argues that this counterclaim should be dismissed because it is duplicative of nThrive's breach of contract counterclaim. (Doc. No. 23-1 at 3.) Scripps also argues that this counterclaim should be dismissed because nThrive has failed to allege any bad faith conduct by Scripps. (Id.)

Under California law, every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 796 (2008) (quoting Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371–72 (1992)). This "covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995), as modified on denial of reh'g (Oct. 26, 1995). "Or, to put it another way, the 'implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose.'" Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001), as modified on denial of reh'g (July 30, 2001) (quoting Schoolcraft v. Ross, 81 Cal. App. 3d 75, 80 (1978)).

"[A]llegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable

expectations of the other party thereby depriving that party of the benefits of the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990), as modified on denial of reh'g (Oct. 31, 2001); accord Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 726 (2007), as modified (Dec. 19, 2007). "Just what conduct will meet these criteria must be determined on a case by case basis and will depend on the contractual purposes and reasonably justified expectations of the parties." Careau & Co., 222 Cal. App. 3d at 1395. "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Id.; see also Chateau Chamberay Homeowners Ass'n, 90 Cal. App. 4th at 345 ("A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself . . . ." (internal quotation marks omitted)).

In its counterclaims, nThrive alleges that after the effective date of the agreement at issue, Scripps failed or refused to provide user names and passwords to the personnel assigned to perform the services, leaving the personnel unable to access certain claims. (Doc. No. 12 ¶ 26.) nThrive also alleges that Scripps failed to adjust certain security setting in order to permit the claims processors to print paper versions of the bills to submit to the payors, some of whom will only accept paper bills. (Id. ¶ 27.) In addition, nThrive alleges that Scripps failed to make timely corrections to claim defects that were brought to its attention. (Id. ¶ 28.) nThrive alleges that Scripps's failure or refusal to timely address and correct these issues impeded nThrive's services and resulted in claims aging past collectability. (Id. ¶¶ 26-28.)

These allegations are sufficient to allege that Scripps engaged in deliberate conduct that demonstrated a failure or refusal to discharge certain contractual responsibilities, which unfairly frustrated the agreed purpose of the contract, thereby satisfying that element of nThrive's claim for breach of the implied covenant of good faith and fair dealing at the pleading stage. See Careau & Co., 222 Cal. App. 3d at 1395. Further, these allegations

are sufficient to allege something beyond a statement of a mere contract breach. As such, the Court declines to dismiss nThrive's counterclaim for breach of the implied covenant of good faith and fair dealing.

### B. nThrive's Counterclaim for Negligent Misrepresentation

In its counterclaims, nThrive alleges a claim for negligent misrepresentation. (Doc. No. 12 ¶¶ 44-49.) Scripps argues that this counterclaim should be dismissed because nThrive has failed to satisfy the heightened pleading requirements of Rule 9(b). (Doc. No. 23-1 at 6-7.). Scripps also argues that this counterclaim should be dismissed because (Id. at 8-10.)

Under California law, "[t]he elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal. App. 4th 35, 50 (2009) (citation omitted).

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Further, "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess, 317 F.3d at 1103.

In its opposition, nThrive argues that Rule 9(b)'s heightened pleading standards do not apply to its negligent misrepresentation counterclaim, asserting that its negligent

misrepresentation claim does not sound in fraud. (Doc. No. 31 at 7-8.) The Court disagrees. "Under California law, negligent misrepresentation is a species of actual fraud and a form of deceit." Wong v. Stoler, 237 Cal. App. 4th 1375, 1388 (2015), as modified on denial of reh'g (June 23, 2015); see Furla v. Jon Douglas Co., 65 Cal. App. 4th 1069, 1077 (1998); Ventura Cty. Nat. Bank v. Macker, 49 Cal. App. 4th 1528, 1530 (1996). Thus, "[i]t is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); see Hofer v. Wright Med. Tech., Inc., No. 18CV01991 AJB (BLM), 2019 WL 3936130, at *2 (S.D. Cal. Aug. 20, 2019); Giglio v. Monsanto Co., No. 15CV2279 BTM(NLS), 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016) ("This court falls within the majority of the district courts in California that consider negligent misrepresentation a species of fraud and apply Rule 9(b)."); see, e.g., Kelley v. Rambus, Inc., 384 Fed. Appx. 570, 573 (9th Cir. 2010) (dismissing a negligent misrepresentation claim for failure to meet the "heightened pleading standards of Rule 9(b)"); but see Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 418 (C.D. Cal. 2012) (holding that Rule 9(b) does not apply to negligent misrepresentation claims).

In its counterclaims, nThrive broadly alleges that Scripps "misrepresented the collectability of its claims to nThrive during the RFP process," and Scripps "repeatedly represented throughout the bidding process the nature of its claims and that the bulk of the claims had value and were not stale." (Doc. No. 12 ¶ 45.) These broad conclusory allegations fall well short of satisfying Rule 9(b)'s heightened pleading standards and fail to provide the necessary who, what, when, where, and how of the misconduct charged. nThrive fails to identify the specific representations made by Scripps during the RFP process that provide the basis for nThrive's negligent misrepresentation counterclaim. Further, nThrive fails to allege whom from Scripps made these alleged representations, and when, where, and how were they made. In addition, the Court agrees with Scripps that nThrive fails to adequately allege what damages it purportedly suffered as a result of

Scripps's representations. As such, the Court grants Scripps's motion to dismiss this counterclaim, and the Court dismisses nThrive's counterclaim for negligent misrepresentation without prejudice.

### C. nThrive's Counterclaim for Unjust Enrichment

In its counterclaims, nThrive alleges a claim for unjust enrichment. (Doc. No. 12 ¶¶ 50-54.) Scripps argues that this counterclaim should be dismissed for failure to adequately allege the benefit element of a claim for unjust enrichment. (Doc. No. 23-1 at 10-11.)

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008) (quoting Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). Scripps argues that nThrive's counterclaim for unjust enrichment should be dismissed because nThrive has failed to identify or sufficient articulate any benefit that it provided to Scripps. (Doc. No. 23-1 at 10-11.)

In its counterclaims, nThrive alleges that it has provided Scripps with over $300,000 in invoiced services and an additional $100,000 to $200,000 in services, and it alleges that Scripps has refused to pay for these services. (Doc. No. 12 ¶¶ 29-31.) These allegations are sufficient to satisfy the benefits element of nThrive's unjust enrichment counterclaim at the pleading stage. As such, the Court declines to dismiss nThrive's unjust enrichment counterclaim.

///
///
///

## Conclusion

For the reasons above, the Court grants in part and denies in part Plaintiff Scripps's motion to dismiss nThrive's counterclaims. Specifically, the Court dismisses nThrive's counterclaim for negligent misrepresentation without prejudice, and the Court declines to dismiss nThrive's counterclaims for breach of the implied covenant of good faith and fair dealing and unjust enrichment. In addition, the Court grants nThrive leave to file an amended counterclaims on or before **October 3, 2019**. Any amended counterclaims must cure the deficiencies noted in this order and must comply with Federal Rules of Civil Procedure 8 and 9.

**IT IS SO ORDERED.**

DATED: September 3, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT